UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61987-RAR

**DEVON A. BROWN,**

    Plaintiff,

v.

**BROWARD SHERIFFS' OFFICE,
MIGUEL NEWELL-MARTINEZ,
BRENDA D. FORMAN, GREGORY TONY,**

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Amended Complaint filed under 42 U.S.C. § 1983. *See* Amended Complaint [ECF No. 5] ("Am. Compl."). *Pro se* Plaintiff, Devon Brown, initially filed his first Complaint, [ECF No. 1] ("First Compl."), on October 24, 2022. After carefully reviewing the First Complaint, this Court issued an Order to Amend, [ECF No. 4], on October 27, 2022. The Court concluded that Plaintiff's First Complaint was a shotgun pleading, prohibited by the Eleventh Circuit. Order to Amend at 5. Now, reviewing Plaintiff's Amended Complaint, the Court concludes that it must dismiss Plaintiff's Amended Complaint because it remains a shotgun pleading. Accordingly, Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e), courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). To state a claim for relief, a pleading must contain: "(1) a short

and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

The Court must hold the allegations in a *pro se* civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, "this leeway is not limitless. [The Court] cannot serve as de facto counsel for a party, or ... rewrite an otherwise deficient pleading in order to sustain an action." *Weil v. Phillips*, 816 F. App'x 339, 341 (11th Cir. 2020) (internal citation omitted). And despite the liberal construction afforded to *pro se* filings, the law does not authorize *pro se* litigants to file impermissible shotgun pleadings.

The Eleventh Circuit has identified several types of shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is]…replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or

claim for relief." *Id.* at 1322–1323.  Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Id.* at 1323.

"In the special circumstance of non-merits dismissals on shotgun pleading grounds, [the Eleventh Circuit has] required district courts to *sua sponte* allow a litigant one chance to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  Where the amended complaint "remain[s] a shotgun pleading," it is not an abuse of discretion "to dismiss[] it on shotgun pleading grounds." *Id.*

## ANALYSIS

In his Amended Complaint, Plaintiff alleges he was falsely arrested and imprisoned because his arrest was the result of an "unsigned capias," and when Plaintiff was arrested, he was required to remove religious garments.  Am. Compl. ¶¶ 1, 2.  Plaintiff further alleges that Defendants did so in accordance with their customs and practices, which violate the United States and Florida Constitutions and several Florida statutes.  Am. Compl. ¶¶ 2, 7–8.  The Complaint provides the gist of Plaintiff's underlying allegations.  However, it is impermissibly plead in a shotgun manner.  *See Weiland*, 792 F.3d at 1321-22.

In its previous Order to Amend, this Court provided Plaintiff an opportunity to rectify his First Complaint and included instructions on how to do so.  Order to Amend at 4–7.  Namely, the Court required that Plaintiff comply with Federal Rule of Civil Procedure 10's requirement that each numbered paragraph be limited to a single set of circumstances, Rule 8's requirement that plaintiffs state their claims in a manner that is "short and plain," and most importantly, plead sufficient factual matter that, accepted as true, would allow the Court to reasonably infer that

Defendants are liable for any misconduct or wrongdoing by removing vague and conclusory statements and immaterial facts. *Id.*[1]

Plaintiff's Amended Complaint fails to sufficiently correct two of the substantial problems previously identified by the Court. Therefore, it fails to state a claim upon which relief may be granted. Plaintiff's Amended Complaint (1) does not plead sufficient factual matter that, accepted as true, would allow the Court to reasonably infer that Defendants are liable for any misconduct, and (2) fails to adhere to Rules 8 and 10 of the Federal Rules of Civil Procedure. To be sure, Plaintiff did revise the Amended Complaint to an extent. For example, in the Amended Complaint, Plaintiff dropped some of the named Defendants, numbered the paragraphs, and removed some extraneous details that were not clearly related to the underlying claims. But these minor revisions do not transform the substance of this shotgun pleading into a permissible complaint because the Amended Complaint still fails to separate out single sets of circumstances in distinct paragraphs in a manner that is short and plain.

*First* and most problematic, the enumerated counts in the Amended Complaint are conclusory and fail to allege sufficient facts to support a finding that Defendants are liable for any misconduct or wrongdoing related to Plaintiff's arrest. Beginning with allegations arising from an "unsigned capias," Plaintiff brings two counts each against Defendants Deputy Miguel Newell-Martinez, County Clerk Brenda D. Foreman, and Sheriff Gregory Tony, and one count against the Broward Sheriff's Office. The following examples demonstrate the conclusory nature of the accusations made against Defendants:

---

[1] Upon its own review, the Court notes that its initial Order to Amend contained scrivener's errors in the Legal Standard section. *E.g.*, Order to Amend at 2 (incorrectly citing to Fed. R. Civ. P. 2). However, the Court's analysis and instructions to Plaintiff were not impacted by these errors and therefore they do not preclude the Court's dismissal without prejudice here.

- "The Due process clause under the Fourteenth Amendment had stated that, Officer Martinez, as a government actor should have executed a valid Capias which had to be signed by a judge in Florida per Florida Statute 901.02, thus rendering it effectuating parts of the due process guaranteed to Plaintiff as one of 'We the People.' Officer Martinez, ignored the due process clause of the Fourteenth Amendment and had arrested Plaintiff anyhow." Am. Compl. ¶ 11.

- "The Defendant Brenda D. Foremen, took an oath of Office to protect and defend the Constitution and laws of the United States against All Enemies local and foreign. Brenda D. Foreman clerk of the courts for Broward county Florida, is been sued for allowing her office to issue a defective warrant against the Plaintiff which helped to conspire against him being arrested." Am. Compl. ¶ 12.

- "BSO Sheriff Gregory Tony's failure to supervise his deputies, lead them to arrest Plaintiff with an unsigned Capias, while his deputy was enforcing a policy or custom 'color of law' that violated Plaintiff's Fourth, and Fourteenth Amendments to the United States Constitution, and also Florida Statute 901.02. This action amounts to a false arrest and false imprisonment of Plaintiff." Am. Compl. ¶ 12.

These examples demonstrate the Amended Complaint's reliance on conclusory statements without any factual support or allegations. This is particularly clear in the allegations against Defendant Foreman, the Clerk of Courts in Broward County. Plaintiff alleges no facts supporting his allegation that Defendant Foreman "allow[ed] her office to issue a defective warrant" or "conspire against him." Am. Compl. ¶ 12. From these allegations, and others like them throughout the Amended Complaint, the Court cannot discern the bases under which Plaintiff believes Defendants are liable.

The Eleventh Circuit has considered similar amended complaints to be "shotgun" in form. In *Toth v. Antonacci*, a *pro se* incarcerated plaintiff appealed the dismissal of his amended complaint as a shotgun pleading. 788 F. App'x 688, 689 (11th Cir. 2019). There, the Eleventh Circuit observed, "[a]lthough the amended complaint enumerates the legal rights of which Toth was allegedly deprived and which principles each defendant allegedly violated, it does not separate his claims by cause of action, draw any clear lines between the legal and factual bases for his claims, or set forth the elements of any of his claims." *Id.* at 691.

Here, Plaintiff's Amended Complaint is akin to the dismissal the Eleventh Circuit affirmed in *Toth*. Plaintiff, like Toth, enumerates the legal rights of which Plaintiff was allegedly deprived, *e.g.*, First, Fourth, and Fourteenth Amendment violations. Like Toth, Plaintiff also identifies which principles (or portions of the United States Constitution or Florida law) each Defendant allegedly violated. But Plaintiff, like Toth, fails to draw any clear lines between the legal and factual bases for his claims or set forth any elements of his claims. For example, as described *infra*, in one sentence Plaintiff alleges (1) a violation of the Fourteenth Amendment, (2) a requirement to sign an arrest warrant under Florida statute,[2] and (3) factual allegations about an Officer's alleged failure to act upon an appropriate warrant. Am. Compl. ¶ 11. The Court cannot decipher the legal and factual bases of these claims. Accordingly, the Court concludes that these counts are plead in an impermissible shotgun fashion.

The same is true for the Amended Complaint's allegations regarding the First Amendment. Plaintiff raises one count against the Broward Sheriff's Office for "violation of his First amendment Right of Religious Practice." Am. Compl. Section H. Here, Plaintiff alleges "he was

---

[2] To the extent Plaintiff's Amended Complaint alleges state claims, those claims are not subject to a merits analysis here. Therefore, Plaintiff may still file state law claims in state court. *Toth*, 788 F. App'x at 692.

forced by order under duress to remove his very visual Religious head covering which is very very important to his Religious practices, and protected by the First Amendment to the 'Bill of Rights' in the United States Constitution."  Am. Compl. ¶ 16.  The Amended Complaint continues, "[n]ot only was his Religious head covering ordered to be removed, the BSO deputies took his religious head covering (KIPPA) and put it in a brown paper bag, which was very disrespectful and hurtful to name the least to the Plaintiff." *Id.*  While this count includes more factual allegations than the "unsigned capias" allegations (*e.g.*, that his religious head covering was placed in a brown paper bag), the Amended Complaint fails to connect these factual details to any cognizable claim. Plaintiff does not lay out any of the elements required to assert a First Amendment violation.  Nor does Plaintiff explain how the alleged facts constitute a First Amendment violation.  Therefore, the Court concludes that this count is also plead in a shotgun fashion and must be dismissed.

*Second*, Plaintiff has failed to follow this Court's instructions to comply with Rule 10's requirement that each numbered paragraph be limited to a single set of circumstances and Rule 8's requirement that plaintiffs state their claims in a manner that is "short and plain."  Order to Amend at 5.  The Amended Complaint includes a total of eight counts, each directed at a single Defendant. Am Compl. ¶¶ 10–17.  Each count includes a single paragraph, none of which are limited to a single set of circumstances and cannot be described as "short and plain."  To provide one example, the Amended Complaint's count against Broward County Sheriff Gregory Tony reads as follows:

> Broward Sheriff Gregory Tony is been sued for allowing his sheriff deputies to be executing unsigned defective warrants upon the Plaintiff and others, in accordance to an unlawful practice and or custom of arresting suspects with unsigned Capias or warrants. Plaintiff is one of several people who are/were victims to this unlawful unconstitutional action. As head of his office, he must insure that Plaintiff, as one of we the peoples constitutional rights are protected. He must supervise and protect Plaintiff's right at all times. An unsigned and defective Capias or Warrant is trespass upon Plaintiff as one of we the people rights.

Am Compl. ¶ 14. This singular numbered paragraph addresses multiple circumstances including the execution of an unsigned warrant, unlawful practices and customs of wrongful arrests, and supervising and protecting Plaintiff's rights. Further, it is axiomatic that this paragraph is not plain. "[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The Court finds that this paragraph exemplifies the style of the Amended Complaint, which is conclusory and difficult to follow—further supporting the Court's dismissal of Plaintiff's Amended Complaint.

This Court provided Plaintiff an opportunity to amend his initial shotgun pleading and provided instructions on how to do so. Plaintiff's Amended Complaint fails to meet the standards for a well-pleaded complaint, even with the leeway afforded to *pro se* litigants. Thus, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Amended Complaint, [ECF No. 5], is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of November, 2022.

                                                    **RODOLFO A. RUIZ II**
                                                    **UNITED STATES DISTRICT JUDGE**